[Civ. No. 25243. Second Dist., Div. Three. Feb. 19, 1962.]

CITY OF LOS ANGELES et al., Plaintiffs and Respondents, v. CLARE SCHWEITZER, Defendant and Appellant.

William P. Willman for Defendant and Appellant.

Roger Arnebergh, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, Russell B. Jarvis, Assistant City Attorney, and Joseph F. Bosio, Deputy City Attorney, for Plaintiffs and Respondents.

FRAMPTON, J. pro tem.*—Appellant in her opening brief states: "This appeal concerns the constitutionality, construction of, and application of 1242.5 of the Code of Civil Procedure. . . ." The notice of appeal, dated and filed August 10, 1960, states: "PLEASE TAKE NOTICE that defendant herein appeals from that 'AMENDED ORDER GRANTING PERMISSION TO ENTER, SURVEY AND EXPLORE LAND' dated July 18, 1960."

The background of the litigation is as follows: Respondent city of Los Angeles is a charter city and as such has the power of eminent domain. Such city was in need of a reservoir site. On June 16, 1960, in conjunction with the Department of Water and Power, a department of the city government, the city filed a petition under the provisions of section 1242.5 of the Code of Civil Procedure, seeking permission to enter upon appellant's land for the purpose of conducting a survey to determine its suitability for a reservoir site. The court ascertained that respondents were acting in good faith and thereupon made its order requiring respondents to deposit cash security in an amount found to have been sufficient to compensate appellant for any damage resulting from the entry, survey and exploration. Respondents made the required deposit, whereupon the court issued its order granting permission for such entry, survey and exploration. On June 24, 1960, appellant filed her motion to amend or modify the order of June 16, 1960. After hearing, and on July 6, 1960, the court modified the original order by increasing the cash deposit from $60 to $1,537, $1,000 of which was to be held as security for the payment of damages, if any, and $537 of which was to be held as security for the payment of attorney's fees and costs. The trial court also limited the right of entry to 90 days from the date of the deposit of the increased sum. Appellant, in connection with her motion to amend and modify,

---

*Assigned by Chairman of Judicial Council.

submitted a proposed amended order in which it was provided that respondents' right to enter, survey and explore would be granted upon condition that 1. respondents furnish appellant ''correct copies of all engineering and surveying data necessary to make a topographic map, and a correct copy of the topographic map, together with a map reflecting the descriptions in the complaint.

''2. That thereafter and after furnishing said aforesaid material, plaintiffs are permitted to (1) excavate a maximum of 15 auger holes each 24 inches in diameter and 15 to 20 feet deep, to be refilled, puddled and tamped to ninety per cent firm; (2) excavate a maximum of 15 sidehill trenches 18 inches wide, 6 feet deep, 10 to 12 feet long to be refilled, puddled and tamped to ninety per cent firm; (3) excavate 12 auger holes 6 to 8 inches in diameter and 15 to 20 feet deep to be refilled, puddled and tamped to ninety per cent firm; (4) to use a bulldozer to make a construction road extension southerly of the southerly terminus of the Beverly Ann Fire Road; provided they *FIRST:* Furnish defendant with a map showing the exact location of said proposed auger holes, sidehill trenches, and the exact proposed construction road route plus the proposed grading plan for said road, at least 5 days in advance of any boring, digging, excavating or grading. *SECOND:* That plaintiff is ordered to restore and compact said holes, trenches and road to it's [*sic*] natural state by using the best practices in refilling and compacting, and is further ordered to pay the reasonable cost to defendant for having soil testing engineers inspect plaintiff's work and report thereon to defendant. *THIRD:* That plaintiff is ordered to furnish defendant as they become available to plaintiff and in no event later than 100 days from the date of this order, complete engineering and geological data, notes, and reports, including but not limited to analysis of the core and trench reports. *FOURTH:* That plaintiff is ordered to hold defendant harmless from any damage or loss suffered by defendant by reason of plaintiff's proposed actions and activities; including but not limited to the cost of defending any legal action proximately resulting from or connected with plaintiffs' action or activities. *FIFTH:* That plaintiff is ordered to compensate defendant for any proximately caused damage to his [*sic*] property or it's [*sic*] value, by reason of plaintiffs' proposed actions or activities. *SIXTH:* That plaintiff is ordered to deposit $1,000.00 as cash security for any damage done defendant's property, with the right remaining with defendant to

move this court at a later time, on a proper showing to require plaintiff to augment said security deposit. *SEVENTH:* That plaintiff is ordered to pay defendant's attorneys [*sic*] fees in the amount of $525.00 and costs in the amount of $12.50 for his [*sic*] reasonable attorney's fees and costs to date.''

As heretofore pointed out, the court rejected appellant's proposals except to increase the deposit. Respondents made the additional deposit and on July 18, 1960, an amended order was signed and filed, granting permission to enter, survey and explore. It is apparently from this order that the appeal is taken. From examination of the notice of termination of plaintiffs' entry attached to the order granting augmentation of the record, it appears that respondents entered upon appellant's land on September 24, 1960, and completed their survey and exploration on the same day; that the nature and extent of their entry, survey and exploration was limited solely to ''access upon the defendant's land to and from adjacent property and a survey of the existing fire roads on defendant's property and a topographical survey of approximately ten acres of defendant's property.''

As the matter now stands in the trial court, the clerk thereof holds the sum of $1,000 as security for the payment of damages, if any, which may have occurred in connection with respondents' entry upon and survey and exploration of appellant's land. He holds the further sum of $537 as security for the payment of reasonable attorney's fees and costs incurred in the proceedings before the court. It does not appear from this record that any litigation has been commenced, as contemplated by section 1242.5 of the Code of Civil Procedure, relating to such entry, survey and exploration.

Appellant does not attack the order of July 18, 1960, insofar as it permits the entry upon her land merely to survey and explore. She states: ''that is, a legalized trespass,—no objection is suggested. Both are authorized by Statute, and both are, probably, constitutionally permissible.'' It would appear that such an entry upon land merely for the purpose of surveying it and making maps thereof, would not give rise to a cause of action in favor of the owner of the land except for injuries resulting from negligence, wantonness or malice. (Code Civ. Proc., § 1242.)

If it should appear that respondents, after entry upon appellant's land, did no more than examine it, survey it and make maps thereof, as shown by the notice of termination of

survey attached to the application for augmentation of the record, it would seem that there are ample funds on deposit to satisfy any reasonable claim which appellant may have against respondents, and upon application and a proper showing, such claim could be completely satisfied out of such funds.

In any event, as the record stands, there is no final judgment or order in the trial court proceedings upon which this court may pass. ██ There is no constitutional right to an appeal. ██ The appellate procedure is entirely statutory and subject to complete legislative control. (*Trede* v. *Superior Court,* 21 Cal.2d 630 [134 P.2d 745] at p. 634; *Efron* v. *Kalmanovitz,* 185 Cal.App.2d 149 [8 Cal.Rptr. 107] at p. 157.) ██ To entitle one to appeal, he must conform to the procedure provided for appeals. (*Levy* v. *Brill,* 107 Cal.App.2d 204 [236 P.2d 603].) ██ Appellant has not pointed out, nor are we able to find, any statutory authority for an appeal from an interim order such as appears here. ██ It is, of course, fundamental that an appellate court has no jurisdiction to entertain and pass upon an appeal from a nonappealable order. (*Rossi* v. *Caire,* 189 Cal. 507 [209 P. 374] at p. 508; *Sherman* v. *Standard Mines Co.,* 166 Cal. 524-525 [137 P. 249]; *Estate of Vai,* 168 Cal.App.2d 147, 149 [335 P.2d 501]; *Golden* v. *Stansbury, Inc.,* 155 Cal.App.2d 480 [318 P.2d 134] at p. 483.) ██ If it be determined that the appeal is from a nonappealable order and the reviewing court is without appellate jurisdiction, that court has no recourse other than to dismiss the appeal on its own motion. (*Olmstead* v. *West,* 177 Cal.App.2d 652 [2 Cal.Rptr. 443] at p. 654.)

Appellant's prayer for additional attorney's fees and costs necessary to this appeal is denied and the appeal is dismissed.

Shinn, P. J., and Ford, J., concurred.