[Civ. No. 29101.   Second Dist., Div. Four.   Apr. 22, 1965.]

WILLIAM TURNER et al., Plaintiffs and Appellants, v. LOS ANGELES REALTY BOARD, INC., Defendant and Respondent.

Joseph A. Ball, A.L. Wirin, Fred Okrand, Ellis J. Horvitz, Herbert A. Bernard, George Whitaker, Paul P. Selvin and Yvonne Brathwaite for Plaintiffs and Appellants.

O'Melveny & Myers, Homer I. Mitchell, William W. Vaughn and Alan I. Rothenberg for Defendant and Respondent.

KINGSLEY, J.—Plaintiffs[1] are three licensed real estate brokers, of the Negro race. Claiming that their applications for membership in defendant Southwest Branch have been denied because of their race, in alleged violation of their legal rights, they instituted the present action against defendant Los Angeles Realty Board, Inc. (hereinafter LARB), defendant Southwest Branch (hereinafter SWB), and sundry individuals alleged to be officers or directors of the two named organizations. The complaint is in five counts: Count I, against defendants LARB and SWB only, seeks a writ of mandate to compel the admission of plaintiffs to SWB; Count II, against all defendants, sounds in declaratory relief, seeking a declaration that the practices of the defendants which result in the allegedly discriminatory exclusion of plaintiffs are illegal and void; Counts III, IV and V, set out claims for damages, against all the defendants, each plaintiff claiming individual damages in a separate count. An alternative writ of mandate was issued, to which LARB and SWB each filed a separate answer and return, supported by a declaration of the executive officer of LARB. It was the theory of LARB that, although

---

[1]In order to avoid confusion, we have chosen to refer to the parties, by reference to their status in the trial court, and as ''plaintiffs'' and ''defendants'' (see Code Civ. Proc., § 1063).

membership in that organization was a prerequisite to membership in SWB, it had admitted plaintiffs to LARB membership; and that LARB had no control over which LARB members SWB should admit to its membership, and that LARB had no power to order or compel SWB to admit anyone to membership.

The alternative writ of mandate came on for hearing. The parties agreed that issues requiring a full trial existed between plaintiffs and SWB, but, after argument and the submission of voluminous memoranda, the trial court accepted the contention of LARB that no further trial was necessary on the issues between plaintiffs and LARB, and that LARB was correct in its contention that a writ of mandate directed to it would be both improper and unavailing. This position was first recorded in a minute order, dated May 5, 1964, reading as follows: "In this cause, the Alternative Writ of Mandate, heretofore submitted April 29, 1964, the court now makes its decision and order as follows: Peremptory Writ of Mandate is denied as to the Los Angeles Realty Board, Inc. The matter is restored to the calendar in Department 55 on May 20, 1964 for trial setting and other proceedings at 9:00 A.M. Counsel are notified by U.S. Mail."

On June 19, 1964, the minute order above quoted was supplemented by a document, signed and filed on that day, which was captioned "Findings of Fact, Conclusions of Law and Order Discharging Alternative Writ of Mandate and Denying Peremptory Writ of Mandate as Against Respondent and Defendant Los Angeles Realty Board, Inc." The "order" referred to in the caption, reads as follows:

"WHEREFORE, IT IS HEREBY ORDERED that the alternative writ of mandate issued herein on March 6, 1964 be and the same hereby is discharged and the peremptory writ of mandate prayed for herein be and the same hereby is denied as against respondent Los Angeles Realty Board, Inc., only."

While, as above noted, this document was filed on June 19, 1964, there is nothing in the record before us to indicate that it was ever "entered" as a judgment. Plaintiffs filed a notice of appeal both from the minute order of May 5, 1964, and from the written order of June 19, 1964. The record on appeal, and appellants' opening brief are on file.

At this state of the case, defendant LARB has moved to dismiss the appeals on the ground that there is no "final judgment." We conclude that this contention is valid and that the appeals should be dismissed.

## I

The first problem facing us is whether or not either the minute order of May 5, 1964, or the formal order of June 19, 1964, are nonappealable by reason of the fact that no formal "entry" of either appears in the record before us. Subdivision (b) of rule 2 of the California Rules of Court, provides as follows: ". . . (1) The date of entry of a judgment shall be the date of its entry in the judgment book. (2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order. (3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court."

It is clear from the history of the trial court's actions above set forth that neither clause (1) nor clause (2) have been complied with; whether or not clause (3) is applicable depends, in part at least, on whether or not the order of June 19, 1964, was inherently an "appealable order." Therefore, we turn our attention to that point.

## II

▉ With certain statutory exceptions not herein involved, it is the fundamental rule in California, as in most jurisdictions, that no order or judgment may be appealed from unless it finally disposes of the case in the trial court. (3 Witkin, Cal. Procedure (1954) Appeal, § 10.) ▉ In cases involving both multiple parties and multiple issues, a disposition which determines completely all issues between two opposing parties is final within the meaning of the basic rule (3 Witkin, Cal. Procedure (1954) Appeal, § 12); but a disposition which leaves undetermined essential issues is not final, even though it purports to dispose of some issues (3 Witkin, Cal. Procedure (1954) Appeal, § 14). ▉ It is the latter doctrine which applies here. While the orders before us purport to determine the right of plaintiffs to a writ of mandate against one defendant, they not only leave undecided the issue of the right to that writ against a codefendant, but they also leave undetermined the right of plaintiffs to declaratory relief and to damages against LARB as well as against its codefendant parties. They are, therefore, not a "final" disposition of the litigation as between plaintiffs and LARB.

The cases relied on by plaintiffs are not helpful. In *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037], plaintiff had sued in two capacities—in its own right and as a statutory trustee; the judgment disposed of its action as trustee against one defendant. The holding was that, since plaintiff had sued in two capacities, the case was the same as though there had been two entirely independent plaintiffs, with a judgment disposing of all issues between one plaintiff and one defendant. No such situation exists here. In *Gombos* v. *Ashe* (1958) 158 Cal. App.2d 517 [322 P.2d 933], by the time the case reached the appellate court, there had been a final disposition of all issues, although at the time of the appeal only one had been determined. The ruling allowing the appeal was, in effect, only an application of the rule allowing premature appeals under what is now subdivision (c) of rule 2 of the California Rules of Court. In *Levizon* v. *Harrison* (1961) 198 Cal.App.2d 274 [18 Cal.Rptr. 284], the entire case had, in fact, been decided but, through error, the judgment referred only to one of two causes of action. In *Schwartz* v. *Shapiro* (1964) 229 Cal. App.2d 238 [40 Cal.Rptr. 189], the decree appealed from had determined all issues under the complaint, but was silent as to a cross-complaint. On the record, only one judgment could be entered on the cross-complaint which would be consistent with the judgment announced. Under these circumstances, the court allowed the appeal. But in the present case, a denial of the discretionary writ of mandate as to the present defendant, at the then state of the case, is by no means necessarily inconsistent with an ultimate judgment for plaintiffs. A trial court might well feel that that relief was either premature or unnecessary, although it was prepared to grant that relief later or to give plaintiffs some other remedy.

In *National Elec. Supply Co.* v. *Mount Diablo Unified School Dist.* (1960) 187 Cal.App.2d 418 [9 Cal.Rptr. 864], plaintiff sued the property owner and a subcontractor to foreclose a mechanic's lien for supplies furnished to the subcontractor. The subcontractor cross-complained against plaintiff for malicious prosecution. The mechanic's lien issues were tried first, resulting in findings in favor of all defendants that plaintiff had been fully paid for the supplies furnished by it. Judgment denying foreclosure was entered. The court held that, under the special circumstances of that case, the action was proper even though the cross-complaint remained undetermined, the court saying (at p. 422): "A complaint and cross-

complaint for most purposes are treated as independent actions . . .'' Obviously no such situation is present in the case at bench.

In *Shepardson* v. *McLellan* (1963) 59 Cal.2d 83 [27 Cal. Rptr. 884, 378 P.2d 108], plaintiff had sued a husband and wife, alleging negligence and wilful misconduct. A nonsuit was granted as to the wife; a demurrer was sustained to the wilful misconduct count and the case went to the jury on the negligence issue, resulting in a verdict and judgment in favor of plaintiff. The judgment was silent as to the misconduct count. The court held that the judgment of nonsuit, finally determining all issues against the wife, was appealable; as to the incomplete judgment against the husband, the court applied *Gombos* v. *Ashe, supra,* 158 Cal.App.2d 517, disregarded the clerical error in not formally entering the obvious and only possible judgment on the misconduct count, and corrected the error by ordering the judgment corrected. As above pointed out, no such disposition is here possible. *Tsarnas* v. *Bailey* (1960) 179 Cal.App.2d 332 [3 Cal.Rptr. 629], and *Behr* v. *County of Santa Cruz* (1959) 172 Cal.App.2d 697 [342 P.2d 987], also are instances of the application of the *Gombos* rule and are equally without bearing on the present case.

The orders herein involved had no legal effect, beyond the immediate decision (a) to discharge the alternative writ of mandate, and (b) to deny, as of their date and on the showing then made, the immediate issuance of a peremptory writ of mandate; they accomplish no more.

In the instant case, the document signed and filed on June 19, 1964, does indicate the mental processes of the trial court, as of that date and on the showing then made. If the future progress of the case, and the evidence presented at the trial of the issues as yet unsubmitted, add nothing to the facts before the court on June 19, 1964, and if the court's opinion as to their legal effect remains unchanged, it may be assumed that no writ of mandate directed to LARB will ever be issued by that court. ■ But a mere expression of an opinion by a trial court, not yet reflected in a decision which can be entered as a ''final'' judgment or decree, does not prevent the court from changing that opinion on the basis of either additional facts, or additional argument, or additional self-reflection. In this case, a full trial of the declaratory relief action, and even more particularly of the three damage counts, may develop facts which will show that LARB, in fact, exercises more control over the actions of SWB than the formal contracts before

the trial court in June 1964 would indicate. Of course, we do not, and could not, now express an opinion as to whether or not any such facts can or will develop or as to their legal effect; it is enough that that possibility exists, because that possibility robs the orders now before us of any aspect of that finality of judicial action which is a prerequisite of appeal.

The appeals are dismissed.

Files, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 16, 1965.