[Civ. No. 32966. Second Dist., Div. Four. July 28, 1969.]

PAUL CARUSO, Plaintiff and Appellant, v. SNAP-TITE, INC., et al., Defendants and Respondents.

Paul Caruso, in pro. per., for Plaintiff and Appellant.

Latham & Watkins, Philip F. Belleville and Michael J. Shockro for Defendants and Respondents.

JEFFERSON, J.—Plaintiff Paul Caruso appeals from an order granting the motion of defendants. Snap-Tite, Inc. and Jackson Appliance, Inc. to exclude evidence, on his alleged cause of action for legal services rendered, for failure to supply defendants with a sufficient bill of particulars (as provided under Code Civ. Proc., § 454).

Caruso, and two other plaintiffs (not involved in this appeal), filed a complaint in this action against Snap-Tite, Inc., Jackson Appliance, Inc. and against another corporation plus two named individuals and twenty doe defendants. The complaint is in two counts. The first count was brought on behalf of all plaintiffs (including Caruso) in quantum meruit in the amount of $1,050,000, for services in clearing title to described real property. The second count, on which the bill of particulars was demanded, was brought on behalf of Car-

uso alone, also in quantum meruit but in the amount of $25,000, for legal services of an undescribed nature.

The only defendants served in the action were Snap-Tite and Jackson Appliance, Inc. (the others named being out of state and not amenable to service of process). Both answered denying any indebtedness under either cause of action and, as to the second cause of action, specifically denying that Caruso had performed any services for them.

Defendants made two demands for a bill of particulars seeking details of the basis for the claim under count two. Plaintiff filed responses after each demand which the court found insufficient. The court denied the motion of defendants to exclude evidence made following the filing of the first response but, on August 25, 1967, granted the motion made after plaintiff filed his second response and indicated he could not improve on it.

After the briefs of the parties were filed in this court, we requested that each party submit a supplemental memorandum on the question of the appealability of the order of August 25, 1967. In the memoranda filed, the parties all take the position that the order is appealable.

It is axiomatic that ''Since the right of appeal is wholly statutory, no judgment or order is appealable unless expressly so declared, i.e., unless it comes within one of the classes enumerated in the main statutes or is made appealable by a specific statute. [Citations.] And, since an appealable judgment or order is essential to appellate *jurisdiction,* the parties cannot by any form of consent make a nonappealable order appealable. The court must of its own motion dismiss an appeal from such an order.'' (3 Witkin, Cal. Procedure (1954) Appeal, § 9, p. 2150; see also *City of Los Angeles* v. *Schweitzer,* 200 Cal.App.2d 448, 452 [19 Cal.Rptr. 429] ; *Horton* v. *City of Beverly Hills,* 261 Cal.App.2d 306 [67 Cal.Rptr. 759] ; *Turner* v. *Los Angeles Realty Board, Inc.,* 233 Cal.App. 2d 755 [43 Cal.Rptr. 919].)

 Code of Civil Procedure, section 963 sets out what orders and judgments of the superior court are appealable. The order in question is not among the listed appealable orders. Section 963 also provides, in subdivision 1, that an appeal may be taken from ''a final judgment entered in an action.'' •Under this subdivision a judgment or order which finally disposes of a matter in the trial court is appealable. (*Turner* v. *Los Angeles Realty Board, Inc., supra,* 233 Cal.App.2d 755, 758.)

■ The "one final judgment rule," which section 963, subdivision 1 incorporates, is a fundamental principle of appellate practice, based on the theory that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that review of intermediate rulings should properly await final disposition of a case. (3 Witkin, Cal. Procedure (1954) Appeal, § 10, p. 2151. ■ "In cases involving both multiple parties and multiple issues, a disposition which determines completely all issues between two opposing parties is final within the meaning of the basic rule. [Citation.] ; but a disposition which leaves undetermined essential issues is not final, even though it purports to dispose of some issues. [Citation.]" (*Turner* v. *Los Angeles Realty Board, Inc., supra*, 233 Cal.App.2d 755, 758.)

■ The parties each rely on one case, *Burton* v. *Santa Barbara Nat. Bank*, 247 Cal.App.2d 427 [55 Cal.Rptr. 529], in support of their position that the order precluding plaintiff from giving evidence on his common count for services rendered constitutes a final judgment in the action and is thus appealable.

In *Burton* the court held appealable an order granting the defendant's motion to exclude evidence of matters insufficiently stated in the plaintiff's bill of particulars. The court stated (at p. 432) : "[I]nasmuch as the order herein precludes plaintiff from offering evidence on his only cause of action, effectively blocking him from proceeding further therein and leaving no issues to be determined between him and defendant, it appears to be much the same as an order striking a complaint which has been held to be appealable 'as a final determination of the rights of the parties. . . .' [Citations.]"

However, a different situation is presented here. Plaintiff has alleged another cause of action against defendants, apparently based on the same subject matter,[1] which was not in any way affected by the court's order. That the still pending first cause of action involves other plaintiffs besides plaintiff Caruso, does not change the fact that, as between Caruso and defendants, there are still pending issues for determination in the trial court. ■ As the court said in *Gombos* v. *Ashe*,

---

[1] Plaintiff Caruso's appellate brief describes the complaint filed in this action in the following manner: "The complaint was in two counts, the first on behalf of all the appellants . . . *for services in clearing title to described real property*, and the second on behalf of Caruso (appellant) alone, . . .. *for legal services rendered in clearing and providing marketable title to said property.*" [Italics added.]

158 Cal.App.2d 517, 520 [322 P.2d 933], ''[T]here cannot be piecemeal disposition of several counts in a complaint which are all addressed against the same defendants.''

The appeal is dismissed.

Files, P. J., and Dunn, J., concurred.