[No. H008432. Sixth Dist. Aug. 27, 1992.]

NELLIE STEEN et al., Plaintiffs and Respondents, v.
FREMONT CEMETERY CORPORATION, Defendant and Appellant.

## COUNSEL

Bolling, Walter & Gawthrop, George E. Murphy, Debora K. Dragland and Steven H. Gurnee for Defendant and Appellant.

Crane & McInerny, Kevin J. McInerny, Tyndall & Cahners and John G. Tyndall III for Plaintiffs and Respondents.

## OPINION

**PREMO, J.**—Fremont Cemetery Corporation appeals from an order directing service of notice of class action to the members of respondent class, and allocating the cost of preparing such notice between appellant and respondent class in the manner specified in the order. Subsequent to the filing of

the appeal, respondents Nellie Steen, Christine Scofield, Nanci McCall, Paul Johnson, Marie Metcalf, Joseph Mario Rico III, Leticia Rico, and Constance M. Pearson, filed a motion to dismiss the appeal. For reasons stated, we grant respondents' motion and, accordingly, dismiss the appeal.

## BACKGROUND

On January 17, 1987, respondent class filed against appellant and other defendants a complaint for damages for wrongful cremation practices. By the time of this appeal, the complaint had been amended five times.[1]

As amended, the complaint alleged, inter alia, that appellant operated Cedar Lawn Memorial Park (hereafter, Cedar Lawn), and that Cedar Lawn employed cremation processes and practices which resulted in the mishandling and improper disposition of the remains of thousands of decedents. As causes of action, the fifth amended complaint alleged: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud and deceit; (4) negligent misrepresentation; (5) intentional mishandling of remains; (6) negligent mishandling of remains; (7) conspiracy to defraud; and (8) conspiracy to mishandle remains.

In May 1990, respondent class filed a motion to certify the lawsuit as a class action pursuant to Code of Civil Procedure section 382.[2] The court granted the motion on July 3, 1990.

In March 1991, the court issued the order for service of notice to the members of the respondent class. Appellant was to deliver to Gilardi & Co. (hereafter, Gilardi) its files on cremated decedents, and Gilardi was to send out the notice by mail. In pertinent part, the order reads: "The defendant Fremont Cemetery Corporation is directed to have their files on cremated decedents at hand and ready to be delivered in segments to Gilardi & Co. by April 1, 1991. These original decedent files of Fremont Cemetery Corporation shall be delivered to Gilardi & Co. starting with those for the calendar years of 1974 through 1976 and progressing chronologically thereafter. It will be the responsibility of counsel for Fremont Cemetery Corporation to insure that the delivery of decedent files is accomplished in a manner which does not slow down the processing work of Gilardi & Co. and the notice procedure contemplated by this Order. . . . The cost of maintaining such an observer is solely that of the defendant Fremont."

---

[1] During the briefing period of this appeal, respondent class requested this court to take judicial notice of a sixth amended complaint which it had filed during the pendency of this appeal. We resolved to defer consideration of that request until the superior court had ruled on a motion to strike. In light of our dismissal of this appeal, further consideration of that request is unnecessary.

[2] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

The order also directed Gilardi "to promptly prepare a computer listing of all decedents and the names and addresses of their 7100 representatives . . . . The cost of the preparation of this list shall be borne by the plaintiff class. As further data is brought to the attention of Gilardi & Co., such as corrected addresses or corrected names of the Section 7100 holders, that data shall be input into the computer listing."

In addition to direct mailing by Gilardi, further notice was to be provided by the counsel for respondent class who was directed "to publish in the *San Jose Mercury* and the *San Francisco Chronicle* on at least two occasions . . . a notice in substantially the same form." The court reserved the right to "direct further published notice depending upon its evaluation of the success of the direct mailings." Further, the court stated its intent "to review the progress of the notice process at its periodic status conferences."

Appellant appeals from this order, contending that it is an appealable collateral final order.

On May 24, 1991, respondent class moved to dismiss appellant's appeal. We resolved to consider that motion together with the merits of this appeal.

## Discussion

### Appealability of Notice Order

■ It is fundamental that "[t]here is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control." (*Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) " '[N]o judgment or order is appealable unless expressly so declared, i.e., unless it comes within one of the classes enumerated in the main statutes or is made appealable by a specific statute. . . .' [Citations.]" (*Caruso* v. *Snap-Tite, Inc.* (1969) 275 Cal.App.2d 211, 213 [79 Cal.Rptr. 642].)

■ In California, appeals in civil matters from the superior court are limited to the judgments and orders enumerated in section 904.1. That section codifies the so-called "one final judgment rule," pursuant to which "[o]nly *final* judgments are appealable . . . ." (*Day* v. *Papadakis* (1991) 231 Cal.App.3d 503, 507 [282 Cal.Rptr. 548].) "The rule is premised on the theory that 'piecemeal disposition and multiple appeals tend to be oppressive and costly' [citation] and that 'informed, compact appellate review is best obtained by awaiting the entire action's coherent resolution in the trial court . . . .' [Citation.]" (*Ibid.*)

■ There are, however, exceptions to the rule. One exception is "[w]hen a court renders an interlocutory order collateral to the main issue, dispositive

of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act . . . ." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297].) In such a situation, direct appeal may be taken. (*Ibid.*) The reason for the exception is: "Such a determination is substantially the same as a final judgment in an independent proceeding. [Citations.]" (*Ibid.*)

 Appellant contends that this exception applies to the present case. We disagree.

The notice order in this case is neither collateral nor final. A matter is collateral when it is "distinct and severable from the general subject of the litigation." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 45, p. 69.) In *Union Oil Co. v. Reconstruction Oil Co.* (1935) 4 Cal.2d 541, 545 [51 P.2d 81], the court stated that the test is whether an order is "important and essential to the correct determination of the main issue." If the order is "a necessary step to that end," it is not collateral. (*Ibid.*; accord *Meehan v. Hopps* (1955) 45 Cal.2d 213, 217 [288 P.2d 267].)

 In the instant case, the notice order directs appellant "to have their files on cremated decedents at hand and ready to be delivered to Gilardi & Co." The purpose of the delivery is to allow Gilardi to "promptly prepare a computer listing of all decedents and the names and addresses of their 7100 representatives." When those representatives are ascertained, Gilardi is to mail to them the notice of class action, together with the biographical questionnaire that appellant suggested should be included.

Service of the notice is thus a necessary step for the trial court here to proceed with the action. Without the class members being notified, no final disposition of the action is possible.

Indeed, Civil Code section 1781, subdivision (d), makes such notice mandatory: "If the action is permitted as a class action, the court may direct either party to notify each member of the class of the action." Moreover, under subdivision (e) of the same Civil Code section, "[t]he notice required by subdivision (d) shall include the following: [¶] (1) The court will exclude the member notified from the class if he so requests by a specified date. [¶] (2) The judgment, whether favorable or not, will include all members who do not request exclusion."

Since the judgment in a class action binds only those class members who had been notified of the action and who, being so notified, had made no request for exclusion, the notice requirement of Civil Code section 1781 is

not only "important and essential to the correct determination of the main issue" (*Union Oil Co.* v. *Reconstruction Oil Co.*, *supra*, 4 Cal.2d at p. 545); it is, above all, jurisdictional. Accordingly, it is not just collateral to the main action.

■ Nor is it a final judgment in any sense. ■ "A judgment is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' [Citation.]" (*David* v. *Goodman* (1948) 89 Cal.App.2d 162, 165-166 [200 P.2d 568].) "In determining whether a judgment is final or merely interlocutory the rule is that if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties the judgment is interlocutory only; but where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, the decree is final. [Citation.] This general test must be adapted to the particular circumstances of the individual case. [Citation.]" (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 129 [135 Cal.Rptr. 192].)

■ Here, further judicial action is required on the matters treated in the notice order. If any of the class members served with the notice requests to be excluded from the action, the court is required by statute to act on that request and issue the corresponding order of exclusion. (Civ. Code, § 1781, subd. (e).) Even if none of the class members served with notice request to be excluded, the court is required to proceed with the action to the end that the "judgment, whether favorable or not, will include all members who do not request exclusion."

Moreover, the notice order explicitly states that "[t]he Court may direct further published notice depending upon its evaluation of the success of the direct mailings," and that "[t]he Court intends to review the progress of the notice process at its periodic status conferences." It is thus clear that on the specific matters covered by the notice order, the court intends to take further judicial action in the form of: (1) evaluating the success of the direct mailing procedure; (2) directing further published notice if it finds the direct mailing system unsatisfactory; (3) conducting periodic status conferences to review the progress of the notice process; and (4) taking whatever appropriate judicial action such conferences may require of, or suggest to, the court.

■ As to the fact that the notice order directs the payment of money or the performance of an act by or against appellant, *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668], is clear: "An appeal is allowed if the

order is a final judgment against a party in a collateral proceeding growing out of the action. [Citations.] It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him. [Citations.]" The order to pay money or perform an act is, therefore, only an additional requirement to the finality of the order and the collaterality of the issue. Where, as here, the notice order is neither final nor collateral, the fact that it directs payment of money or the performance of an act is immaterial.

Appellant's reliance on federal authority is unavailing. First, the federal cases cited by appellant are no more directly on point than are the California cases reviewed herein. More importantly, as shown *ante*, the current state of California jurisprudence is adequate to resolve the appealability issue before us.

The leading federal case on the appealability of interlocutory orders is *Cohen* v. *Beneficial Loan Corp.* (1949) 337 U.S. 541 [93 L.Ed. 1528, 69 S.Ct. 1221]. In that case, the United States Supreme Court held that, as a rule, federal appeals are allowed only from final decisions of the district courts. The exception is when the interlocutory order appealed from "is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." (*Id.* at pp. 546-547 [93 L.Ed. at p. 1536].) The collateral matter in *Cohen* was the order of the district court in a stockholder's derivative action denying a corporation's motion that the plaintiff be required, pursuant to a state statute, to give security for reasonable expenses of the defendants incurred in connection with the action. The *Cohen* court noted that the appealed order "did not make any step toward final disposition of the merits of the case and will not be merged in final judgment." (*Id.* at p. 546 [93 L.Ed. at p. 1536].)

It is clear, however, that the notice order in *Cohen* bears no similarity whatsoever to the notice order in this case. As pointed out, the notice order in this case, unlike that in *Cohen*, is a necessary step toward the final disposition of the matters in controversy since, without the notice order, the court cannot acquire jurisdiction over the persons of the members of the respondent class and therefore cannot try the case as a class action.

The case of *In re Victor Technologies Securities Litigation* (9th Cir. 1986) 792 F.2d 862 (hereafter, *Victor*), a securities fraud class action, is also factually distinguishable. In that case, a United States District Court issued an order to require the plaintiffs to offer to reimburse the record owners of securities for the costs of forwarding the class notice to the beneficial

owners. The question on appeal was whether the order was appealable as a final order on a collateral matter. The Ninth Circuit Court of Appeals found the order to be final because: "The district court has conclusively rejected the plaintiffs' position that they need only send the notices to the record owners," and "[i]t is unlikely that the district court will alter that position unless and until the plaintiffs have spent a very large amount of money in compliance with the district court's current order." (*Id.* at p. 864.) The court also found the order to be collateral to the main action because: "There can be little dispute that the order is separable from the merits. The record does not reveal the precise theory upon which the plaintiffs seek recovery. Analysis of the class notice order thus is not entangled in the merits of the action." (*Ibid.*)

As may be noted, the questioned order in *Victor* was a simple, straightforward order requiring one party to reimburse the other for costs. Reimbursement for costs does not raise jurisdictional concerns which might prevent the court from going forward with the case and disposing it on its merits. Here, on the other hand, as pointed out, the notice order was required to satisfy a jurisdictional requirement and was thus a necessary prerequisite to the final disposition of the cause.

The other federal cases relied on by appellant, *Eisen* v. *Carlisle & Jacquelin* (1974) 417 U.S. 156 [40 L.Ed.2d 732, 94 S.Ct. 2140], and *Oppenheimer Fund, Inc.* v. *Sanders* (1978) 437 U.S. 340 [57 L.Ed.2d 253, 98 S.Ct. 2380], are likewise inapposite. In *Eisen*, the issue was the appealability of the district court's order requiring the defendants to bear 90 percent of the costs of the notification scheme approved by the court. The court held the order appealable, stating it belonged to " 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' [Citation.]" (417 U.S. at pp. 171-172 [40 L.Ed.2d at p. 745].) As in *Victor*, however, this order did not implicate jurisdictional issues, and is thus distinguishable from the order in this case.

In *Sanders*, the issue was whether the district court abused its discretion in requiring the defendant to bear the expense of identifying the class members. *Sanders*, however, did not at all address the issue of whether the appealed order was final or collateral.

Because none of the federal cases relied on by appellant involved a notice order that is comparable in style, content, or tenor to the notice order in this case, they are of little jurisprudential value to this case.

We conclude that the notice order in this case is not appealable.

## SANCTIONS

The question remains whether sanctions on appeal should be awarded. In their reply memorandum in support of their motion to dismiss appeal, respondents request this court to impose sanctions upon appellant, claiming that the instant appeal is dilatory and that appellant has been less than candid with this court.

Pursuant to section 907, "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." Likewise, rule 26 (a), of the California Rules of Court states in pertinent part that "[w]here the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], the court, reviewing these provisions, held that "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." In *Cox* v. *County of San Diego* (1991) 233 Cal.App.3d 300, 314 [284 Cal.Rptr. 266], the court admonished that sanctions for frivolous appeals "should be used sparingly to deter only the most egregious conduct."

Here, although we have determined the notice order to be not appealable, we do not find appellant's appeal to be so "totally and completely without merit" as to require the imposition of sanctions.

Accordingly, we deny respondents' request for sanctions.

## DISPOSITION

Respondents' motion to dismiss appeal is granted. Respondents' request for sanctions is denied. Respondents are awarded costs on appeal as the prevailing party herein.

Capaccioli, Acting P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 18, 1992.