Filed 4/4/16McCabe v. Grossmont Union High School Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TAMARA SUSAN MCCABE, | D068346 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00092092-CU-WT-CTL ) |
| GROSSMONT UNION HIGH SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Richard E. L. Strauss, Judge.  Appeal dismissed.

Tamara Susan McCabe, in pro. per., for Plaintiff and Appellant.

Winet Patrick Gayer Creighton & Hanes, Jennifer S. Creighton and Amanda F. Benedict for Defendant and Respondent.

Tamara Susan McCabe sued her former employer, Grossmont Union High School District (District), alleging wrongful termination and retaliation.  The District prevailed on an unopposed motion for summary judgment.  McCabe did not appeal the judgment.

During the course of the litigation, both pre and postjudgment, the superior court issued a variety of orders. McCabe did not appeal any of the orders until the court denied a motion entitled "Motion for Reconsideration of Defendant's Proof of Cost Sanctions, Attorneys' Fees" on April 10, 2015. By way of her appeal, she seeks to challenge a handful of orders, including one entered on February 1, 2013 allowing her counsel to be relieved as counsel of record. She also appears to challenge the judgment, entered March 24, 2014. However, by failing to timely file a notice of appeal, McCabe has waived her right to appeal most of the orders and the judgment she now challenges. Further, McCabe waived the only issue that was timely appealed by failing to offer any cogent argument as to how the court erred. Accordingly, we dismiss the instant appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2012, McCabe filed a complaint for retaliation and wrongful termination against the District. On March 9, 2012, the District answered the complaint.

On December 7, 2012, McCabe's counsel filed a motion to be relieved as counsel. McCabe did not file an opposition to the motion. However, she appeared at the hearing to oppose the motion. At the hearing on January 25, 2013, McCabe requested the court review documents she claimed supported her opposition. The court agreed to review, but not file, the documents presented by McCabe. After hearing argument, the court continued the hearing to provide counsel and McCabe time to meet and attempt to reach a resolution regarding fees and discovery issues. The court ordered the parties to return on February 1, 2013.

2

When the parties returned on February 1, 2013, McCabe's counsel renewed his request to be relieved as counsel. After hearing arguments from counsel and McCabe, the court granted counsel's motion to be relieved.

In April 2013, the court ordered that the trial of this matter be heard on January 24, 2014. However, on July 25, 2013, the court granted the District's request for a trial continuance to afford time to hear the District's motion for summary judgment that had been set to be heard in February 2014. The trial was continued to March 21, 2014.

The District filed a motion for summary judgment on November 19, 2013. McCabe did not file a timely opposition.

On January 8, 2014, McCabe filed an ex parte application to continue the trial and the hearing on the District's motion for summary judgment. On January 9, 2014, after hearing argument from both parties, the court denied McCabe's application.

On February 14, 2014, the parties appeared in court for the hearing on the motion for summary judgment. After hearing argument from both parties, the court granted the unopposed motion for summary judgment. The District filed and served a notice of ruling on February 24, 2014.

The court entered judgment on March 24, 2014. Because the District had not yet submitted a memorandum of costs, the judgment left a blank as to the amount of costs awarded the District.

On March 14, 2014, the District filed a memorandum of costs requesting $2,654.61. McCabe did not file a motion to tax costs.

3

On April 23, 2014, McCabe filed an ex parte application to "Vacate and Set Aside Default (and Default Judgment) of Defendant's Motion for Summary Judgment hearing 02/14/2014." The court denied this application on April 24, 2014.

On May 16, 2014, the court awarded the District the costs requested in its memorandum of costs. The court clerk then handwrote the cost award on the blank line of the judgment. The District served McCabe with a copy of the judgment, which included the costs awarded by the court, on June 24, 2014.

On July 18, 2014, the District filed a motion for cost of proof sanctions under Code of Civil Procedure[1] section 2033.420.

On July 31, 2014, McCabe filed a pleading entitled "Motion to Vacate and Set Aside Default (and Default Judgment)." In that motion, McCabe sought to "vacate and set aside the default and default judgment of Defendant's Summary Motion Judgment entered against the Plaintiff on February 14, 2014 Defendant's notice, and cost judgment entered on May 16, 2014 for $2,654.61." The District opposed McCabe's motion.

On August 4, 2014, McCabe submitted an opposition to the District's motion for cost of proof sanctions. The District filed a reply.

The court heard both the District's motion for cost of proof sanctions and McCabe's motion to vacate on August 15, 2014. The court continued the hearing on the District's motion to consider a service issue and the timeliness of the motion. As to McCabe's motion, the court denied the motion, explaining:

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise specified.

4

"Preliminarily, the Court recognizes that the present motion was not timely filed or served. Nonetheless, in the Court's discretion, the motion was considered. Plaintiff's motion seeks relief from summary judgment, not a default or default judgment. The mandatory relief provision in [section] 473 does not apply to summary judgments. [Citation.] Nor is there sufficient support of mistake, inadvertence, or excusable neglect for purposes of discretion relief under [section] 473[, subdivision] (b). Therefore, the motion is denied."

On September 19, 2014, after considering additional documentation and hearing arguments from the parties, the court granted the District's motion for cost of proof sanctions and awarded the District "reasonable expenses in the amount of $62,906.10." On September 25, 2014, the court entered "judgment" in favor of the District and included a total award of costs, expenses, and attorney fees of $65,560.71. There is no indication in the record that the District served McCabe with the judgment as entered; however, on September 24, 2014, it did serve McCabe with the proposed judgment that the court entered the next day.

McCabe did not appeal the September 25, 2014 judgment.

On March 5, 2015, McCabe filed a pleading entitled "Motion to Vacate and Set Aside Attorney Fees, Defendant's Proof of Cost Sanctions Judgment." In that motion, McCabe discussed discovery issues and her inability to "bring the truth to the Court, due to former attorney dismissal, and lack of skill with Court paperwork, extensive research required, inability to cite case law, financial hardships, sheer exhaustion and stress caused by false accusations. . . ." Much of McCabe's argument appeared to be aimed at the merits of the District's motion for summary judgment. The District opposed this motion.

5

After hearing oral argument, the court denied McCabe's motion to vacate and set aside attorney fees in a minute order dated March 27, 2015.

At that same hearing, the court addressed McCabe's motion for reconsideration of judgment. In doing so, the court took the motion off calendar because no moving papers were filed.

No file stamped copy of the motion for reconsideration of judgment is contained in the record. We did find an unstamped version of a pleading entitled, "Notice of Motion and Motion for Reconsideration of Defendant's Judgment for Attorney Fees" with an accompanying memorandum of points and authorities. Although the District maintained that McCabe's motion was not filed with the court, it filed an opposition to the motion.

At a hearing on April 10, 2015, the court denied McCabe's motion for reconsideration, finding that it did not qualify as a motion for reconsideration.

McCabe filed a notice of appeal on June 5, 2015. In the notice, McCabe indicated that she was appealing "an order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)" entered on March 27, 2015.

## DISCUSSSION

Initially, we observe that McCabe, as an in propria persona litigant, is "entitled to the same, but no greater, rights than represented litigants and [is] presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) Accordingly, McCabe, like any appellant, must file a timely notice of appeal. (Cf. *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 ["mere self-representation is not a

6

ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"]; *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056 [propria persona status does not exempt litigant from rules of procedure].)

It is well settled that if an appeal is untimely, the appellate court has no jurisdiction to consider its merits and the appeal must be dismissed. (Cal. Rules of Court, rule 8.104(b)[2]; *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; *Estate of Hanley* (1943) 23 Cal.2d 120, 123; *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762.)

In McCabe's notice of appeal, filed June 5, 2015, she references an order that was entered on March 27, 2015. In that order, the superior court denied McCabe's motion to vacate and set aside attorney fee judgment, cost of proof sanctions. However, in her opening brief, McCabe attempts to challenge: (1) a February 1, 2013 order relieving McCabe's counsel as counsel of record; (2) a January 9, 2014 order denying her ex parte application for a continuance; (3) a March 24, 2014 judgment based on the District's successful motion for summary judgment; and (4) a September 25, 2014 "judgment" awarding the District $65,560.17 in costs, attorney fees, and expenses. On appeal, within the context of challenging the September 25, 2014 judgment, McCabe discusses her motion to vacate and set aside attorney fee judgment, cost of proof sanctions and attempts

---

[2] All further rule references are to the California Rules of Court.

to explain why the court should have granted her relief under section 473, subdivision (b).

Generally, orders that are not included in a judgment are not appealable unless they are expressly made so by statute. (*Caruso v. Snap-Tite, Inc.* (1969) 275 Cal.App.2d 211, 213.) Here, McCabe has provided us with no authority that would render the February 1, 2013 and January 9, 2014 orders appealable. To the extent they could be appealable as part of the judgment following the District's motion for summary judgment, we note that judgment was served on McCabe on June 24, 2014. As such, she had 60 days from the date she was served to file a notice of appeal as to these issues. (Rule 8.104(a).) Her notice of appeal dated June 5, 2015 was well after the expiration of McCabe's time to file an appeal. Consequently, to the extent any of the orders were appealable, we lack jurisdiction to consider the order relieving McCabe's counsel as counsel of record, the order denying McCabe's application for a continuance, and the judgment following the District's successful motion for summary judgment. (See *Stratton v. First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1078.)

We also lack jurisdiction to consider any challenge to the September 25, 2014 judgment.[3] There is no indication in the record that the District served McCabe with

---

[3] We note that the "judgment" is entitled "Judgment By Court Under Code of Civil Procedure § 437c." However, this judgment includes the judgment that the court entered on March 24, 2014 after the District's successful motion for summary judgment. The only difference is that the September 25, 2014 judgment includes the awarded costs as well as the awarded attorney fees and expenses in connection with the District's motion for cost of proof sanctions. As such, the September 25, 2014 judgment is more akin to a

8

notice of the September 25, 2014 judgment. Thus, the time for appeal would have expired 180 days after the entry of the judgment. (Rule 8.104(a)(C).) Accordingly, McCabe's notice of appeal dated June 5, 2015 falls more than 180 days after entry of the September 25, 2014 judgment, and therefore, is untimely.[4]

Finally, we consider McCabe's appeal of the court's March 27, 2015 minute order denying McCabe's motion to vacate and set aside attorney fees, defendant's proof of cost sanctions judgment. McCabe purported to make that motion under section 473, subdivision (b). Typically, an order denying a section 473, subdivision (b) motion is appealable. (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008; § 904.1, subd. (a)(2).) Ostensibly, McCabe's appeal was timely because her notice of appeal was filed less than 60 days after the order was entered. (Rule 8.104(a)(1)(A).)

We review an order denying a section 473, subdivision (b) motion for abuse of discretion. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897-898.) "The

---

postjudgment order awarding attorney fees or an amended judgment. Yet, whatever the label, McCabe's appeal remains untimely.

[4]     On April 10, 2015, the court issued a minute order denying McCabe's motion for reconsideration of judgment. In doing so, the court determined that the subject motion did not qualify as a motion for reconsideration. Even if it did, that motion would not have extended the time to appeal "because after entry of judgment, a trial court has no further power to rule on a motion for reconsideration." (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236; see *Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1481-1482; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1605.)

9

court abuses its discretion only if its ruling is arbitrary, capricious or patently absurd." (*Faigin v. Signature Group Holdings, Inc.* (2012) 211 Cal.App.4th 726, 748.)

Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." A motion for relief from a judgment pursuant to section 473, subdivision (b) "shall be made within a reasonable time, in no case exceeding six months, after the judgment . . . was taken." (§ 473, subd. (b).)

McCabe's motion actually seeks to vacate the March 24, 2014 judgment following the court's granting of the District's motion for summary judgment and the September 24, 2014 judgment following the court's award of attorney fees following the District's motion for cost of proof sanctions. However, by way of her motion filed on March 5, 2015, McCabe could not challenge the March 24, 2014 judgment.

The court entered judgment in the District's favor on March 24, 2014. McCabe brought her motion to vacate on March 5, 2015, almost a year after judgment was entered. Thus, McCabe's motion was untimely and could not challenge that judgment. (§ 473, subd. (b).) Further, we observe that McCabe had previously brought a motion to vacate that judgment under section 473, subdivision (b), which the court denied on August 15, 2014. McCabe did not timely appeal that order. And she cannot resurrect her appellate rights by filing a motion attacking the judgment on the same grounds under the guise that she also is challenging the court's award of attorney fees to the District. In this sense, McCabe's notice of appeal is untimely to the extent that she seeks to challenge the

10

court's denial of her motion to vacate the judgment under the section 473, subdivision (b) motion that the court first denied on August 14, 2014. Therefore, we lack jurisdiction to hear this piece of the appeal as well. (See *Stratton v. First Nat. Life Ins. Co., supra,* 210 Cal.App.3d at p. 1078.)

All that remains of McCabe's appeal is the portion of her March 5, 2015 motion to vacate under section 473, subdivision (b) that is aimed at the court's award of cost of proof sanctions.

On appeal, the judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Ibid*.)

An appellant has the burden to provide an adequate record and affirmatively show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Further, it is the appellant's duty to support arguments in his or her briefs by references to the record on appeal, including citations to specific pages in the record. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

11

Here, McCabe has not provided any citations to the record showing that the court should not have awarded the District cost of proof sanctions because of her mistake, inadvertence, surprise, or excusable neglect. (See § 473, subd. (b).) Instead, McCabe discusses discovery issues in general and attempts to reargue the merits of her claims by challenging the court's summary judgment ruling. In addition, McCabe fails to provide any authority that supports her position in this matter. In short, there is an "absence of cogent legal argument or citation to authority," and we thus consider this issue waived. (See *In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

Because McCabe waived the only issue subject to a timely appeal, we have nothing to consider. As such, we dismiss the appeal.[5]

---

5      Even if we did not determine that McCabe waived the only appealable issue before us, we would nevertheless conclude that the superior court did not abuse its discretion in denying McCabe's motion to vacate. Here, McCabe has not provided any reason supporting her claim that the award of cost of proof sanctions should be vacated because of mistake, inadvertence, surprise, or excusable neglect. Instead, she maintains that she was hampered by the loss of her attorney and the court's refusal to continue the trial date. She also contends that the subject requests for admission concerned irrelevant issues. And McCabe again addresses the merits of the motion for summary judgment, how the court improperly interpreted the various e-mails, and issues regarding various proofs of service. Simply put, McCabe has not shown that the court's denial of her motion to vacate was arbitrary, capricious, or patently absurd.

12

DISPOSITION

The appeal is dismissed.  The District is awarded its costs on appeal.


                                                                      HUFFMAN, J.

WE CONCUR:


    BENKE, Acting P. J.


    AARON, J.

13