[Civ. No. 31336.   Second Dist., Div. Four.   Apr. 18, 1968.]

LAWRENCE D. HORTON, Plaintiff and Appellant, v. CITY OF BEVERLY HILLS et al., Defendants and Respondents.

---

[1]Cf. Opinions and Reports of the Judicial Council of the American Medical Association, 1966 Edition, page 57 et seq.

Lawrence D. Horton, in pro. per., for Plaintiff and Appellant.

Alpern & Vallier, Robert Vallier, and Frank G. King for Defendants and Respondents.

FILES, P. J.—This is an action for damages for false arrest brought by plaintiff against the City of Beverly Hills and several individuals. Several of the defendants have filed demands for security for costs, pursuant to Government Code section 951, upon the theory that each of said defendants is an employee of the city, and that his defense is provided by the city.

On February 10, 1966, plaintiff filed a notice of motion for the following relief:

"(1) For an order dismissing the Demand For Filing Undertaking for Costs by plaintiff to Defendant Thomas S. Pierce.

"(2) To reconsider plaintiff's Motion to Dismiss Demand For Filing Undertaking For Costs by plaintiff to Defendants C. L. Gilberto, J. E. Hankins, and Clinton H. Anderson.

"(3) For an order to restrain future DOE defendants from filing additional Demands For Filing Undertaking For Costs under Government Code 951."

On February 24, 1966, that motion was heard and denied as to each part. The minute order also contains this additional sentence: "THE PLAINTIFF IS ORDERED TO COMPLY WITH SECTION 951 GOVT CODE WITHIN 20 DAYS BY FILING UNDERTAKING IN FAVOR OF THOMAS S PIERCE IN THE AMOUNT OF $100.00."

Plaintiff has filed a notice of appeal stating that he appeals from the order of February 24, 1966. Neither that order nor the motion referred to in the order was made a part of the record on appeal. To cure that defect the court has, on its own motion, pursuant to rule 12, California Rules of Court, augmented the record by bringing up the entire superior court file.

The file shows that the action has not been dismissed. The order of February 24, 1966, is purely an interlocutory order which does not determine the case. It is not one of the orders which can be the subject of a separate appeal. (See Code Civ. Proc., § 963; *Efron* v. *Kalmanovitz,* 185 Cal.App.2d

149 [8 Cal.Rptr. 107]; *Woodman* v. *Ackerman*, 249 Cal. App.2d 644 [57 Cal.Rptr. 687]; 3 Witkin, Cal. Procedure, Appeals, §§ 19, 20.)

This court has no jurisdiction. The appeal is dismissed.

Jefferson, J., and Kingsley, J., concurred.