[Civ. No. 25468. Fourth Dist., Div. Two. Jan. 13, 1982.]

MARTIN F. ROSTON, Plaintiff and Appellant, v. CONSUELO EDWARDS, Defendant and Respondent.

[Civ. No. 25469. Fourth Dist., Div. Two. Jan. 13, 1982.]

ROSTON INSTITUTE, INC., Plaintiff and Appellant, v. MEHER MONTESSORI SCHOOL et al., Defendants and Respondents.

844

COUNSEL

Martin F. Roston, in pro. per., and for Plaintiffs and Appellants.

W. Patrick O'Keefe, Jr., Costello & Walcher, Edward J. Costello, Jr., and Keith Scheuer for Defendants and Respondents.

OPINION

THE COURT.*—The common legal question presented in both of the appeals in these two civil actions, which have been consolidated on the

*Before Morris, Acting P. J., Kaufman, J., and McDaniel, J.

court's own motion, is whether the term "litigation" as defined in the vexatious litigants statute (Code Civ. Proc., § 391, subd. (a))[1] includes civil actions or proceedings in federal courts located in California as well as civil actions or proceedings in California state courts. We conclude that it does not.

Attorney Martin F. Roston caused two separate civil actions to be commenced in Orange County Superior Court early in October 1980. In the first action, *Roston v. Edwards* (hereafter Edwards), the complaint stated that Roston was the plaintiff and was representing himself in propria persona. In the second action, *Roston Institute, Inc. v. Meher Montessori School et al.* (hereafter Montessori Schools), filed three days later on October 6, the complaint stated that the plaintiff was Roston Institute, Inc., a corporation whose sole shareholders, directors and officers were Roston and his wife, Qudsia.

Defendants in both actions moved for orders requiring plaintiffs to furnish security as vexatious litigants pursuant to section 391 et seq. These two motions were heard on December 24, 1980, in two different courtrooms.

The motion in the Montessori Schools action was granted and plaintiff was ordered to furnish a $25,000 bond as security within 30 days. Then the motion in the Edwards action was granted and plaintiff was ordered to furnish a $15,000 bond as security within 30 days.

Defendants' motions to dismiss these actions were granted on February 2, 1981 (Edwards action) and February 4, 1981 (Montessori Schools action), because plaintiffs had failed to furnish the required security as ordered.

### JURISDICTIONAL ISSUE

■ Before considering these appeals on their merits, we must address defendants' contentions that the appeals are not properly before us because the notices of appeal state that plaintiffs are appealing from the orders of the courts rendered on December 24, 1980, and February 2, 1981 (Edwards action) and December 24, 1980, and February 4, 1981 (Montessori Schools action).

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.

The December 24 minute orders granting the motions to require plaintiffs to furnish security as vexatious litigants are nonappealable interlocutory orders. (*Horton* v. *City of Beverly Hills* (1968) 261 Cal.App.2d 306, 307 [67 Cal.Rptr. 759].)

On February 2 (Edwards action) and February 4 (Montessori Schools action), minute orders were entered denying plaintiffs' motions for rehearing on the motions heard on December 24, and judgments were signed dismissing both actions.

Notices of appeal should be liberally construed in favor of their sufficiency. (Rule 1(a), Cal. Rules of Court.) It is apparent plaintiffs intended to appeal from the final judgments of dismissal of their respective actions and not from the nonappealable interlocutory orders. No one has been misled and defendants have not been prejudiced.

Consequently, we treat these appeals as being from the appealable judgments of dismissal. (*Collins* v. *City & Co. of S. F.* (1952) 112 Cal. App.2d 719, 722-723 [247 P.2d 362].)

### Sufficiency of the Evidence

Plaintiffs contend at considerable length in multi-issue briefs that the evidence considered by the two trial court judges is insufficient to show that they are vexatious litigants.

The vexatious litigant statute provides that a defendant in any litigation may move for an order requiring the plaintiff to furnish security. This motion must be based upon a showing: (1) plaintiff is a vexatious litigant as defined by statute; and (2) there is no reasonable probability he will prevail in the litigation. (§ 391.1.)

The statutory definition of "vexatious litigant" in section 391, subdivision (b) is as follows: "(b) 'Vexatious litigant' means any person:

"(1) Who, in the immediately preceding seven-year period has commenced, prosecuted or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to him; or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing; or

"(2) Who, after a litigation has been finally determined against him, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of such determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by such final determination against the same defendant or defendants as to whom the litigation was finally determined."

If the court determines a plaintiff is a vexatious litigant and there is no reasonable probability he will prevail in the litigation, the court shall order plaintiff to furnish security of such nature, in such amount, within such time, as the court shall fix. (§ 391.3.) Upon the termination of the litigation, the defendant shall have recourse to the security in such amount as the court shall determine. (§ 391.5.) If the security is not furnished as ordered, the litigation shall be dismissed. (§ 391.4.)

It is obvious from an examination of the pleadings, points and authorities, declarations and other supporting documents upon which the trial court judges based their decisions, that Martin Roston and Roston Institute are frequently plaintiffs or defendants in state and federal courts. However, a person is not a vexatious litigant unless a court has found that he comes within the definitions in section 391, subdivision (b)(1) or (2).

In their points and authorities, defendants asked the trial courts to take judicial notice pursuant to Evidence Code section 452 of the court records in the cases listed in exhibit A (both actions) and exhibit A-1 (Montessori Schools action). Exhibit A in both actions are identical.

▊ Viewing the evidence in the light most favorable to the judgments of dismissal (i.e., in support of the vexatious litigant findings), we have been able to find only one litigation (Roston v. St. Germaine, case No. 267308, filed Apr. 22, 1977) that fulfills the requirements enumerated in section 391, subdivision (b)(1).[2]

---

[2]Defendants, in their zeal to present a portrait of plaintiff Roston (and his enterprises) that would enhance their position, made reference to a multitude of cases which were inappropriate for consideration by the trial court. Some were small claims cases; in many the plaintiff Roston prevailed; in many he was the party defendant; and, most patently erroneous, many cases dated back to 1965 and 1966. While we will not gratuitously speculate why such cases were presented to the court, it seems obvious the reason was not to support the motion, because they did not fall within the applicable

Consequently, the evidence is insufficient to sustain findings that plaintiffs are vexatious litigants under subdivision (1) of section 391, subdivision (b), even if we include the two listed federal cases.

We must now consider whether plaintiffs are vexatious litigants under subdivision (2). Defendants state in their points and authorities that the litigation finally determined against plaintiffs was a federal court action in Los Angeles.

■ Does the term "litigation" as used in the vexatious litigant statute include civil actions or proceedings in federal courts? It states in the definitions portion of the statute (§ 391): "(a) 'Litigation' means any civil action or proceeding, commenced, maintained or pending *in any court of this State*." (Italics added.)

Funk and Wagnalls, Standard College Dictionary (1974) page 937, defines "of" as "Belonging to" or "Pertaining to." It is clear that if the statute read "court *in* this state" it would include California state courts and federal courts located in California. On the other hand, "court *of* this state" would appear to include only California state courts.

Plaintiffs correctly note in their briefs that the phrase "court of this state" as used in several California statutes, when read in context, clearly refers to California state courts. For example, the section of the Evidence Code cited above that authorizes the taking of judicial notice (Evid. Code, § 452) provides judicial notice may be taken of "(d) Records of (1) any *court of this state* or (2) any court of record of the United States or of any state of the United States." (Italics added.)

We hold that the phrase "court of this state" in section 391, subdivision (a), refers only to California state courts, and not to federal courts sitting·in California, and the litigation finally determined in section 391, subdivision (b)(2), must have been a civil action or proceeding in a California state court.

■ The evidence considered by the court in both of these actions was insufficient to show that plaintiffs were vexatious litigants as defined in either subdivision (b)(1) or subdivision (b)(2) of section 391.

seven-year period. The presentation of such matter, if designedly done, is certainly to be discouraged. One might mistake it for an attempt to inflame the court against a party to the action.

The judgments of dismissal in the Edwards action and the Montessori Schools action are reversed and the trial courts are directed: (1) to vacate their orders requiring plaintiffs to furnish security as vexatious litigants, and (2) to return these actions to the civil active list for further proceedings.