Filed 4/15/16  Dearwester v. Dept. of Corrections CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| FRANK LEE DEARWESTER, | C077602 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201300155708CUCRGDS) |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant and Respondent. | |

Appellant Frank Lee Dearwester, proceeding in pro. per., appeals from a trial court's finding that he is a vexatious litigant.  Appellant brought suit against respondents California Department of Corrections and Rehabilitation (Department) and Los Angeles County California State Prison, challenging their denial of his request to photocopy and provide envelopes for a letter to be sent to hundreds of prospective attorneys.  Following a hearing, the trial court issued an order finding appellant a vexatious litigant.  We shall reverse the order designating appellant a vexatious litigant.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of numerous felony counts of violating Penal Code section 288, subdivision (a), lewd or lascivious acts with a child under the age of 14. The court sentenced appellant to 32 years in state prison.

Appellant's claims against respondents stem from his allegation that the Department refused his request to photocopy and provide "indigent legal mail envelopes" for a two-page form letter to be sent to hundreds of prospective attorneys. The correspondence seeks representation in two civil rights actions filed in federal court alleging negligence by the public defender's office in the underlying criminal case. Appellant argued he was entitled to "free and unlimited" photocopies and postage for correspondence with any members of the State Bar.

Appellant also named over 500 attorneys as defendants in his suit. He filed a request to waive court fees, including sheriff's and marshal's fees for service of process on all the attorneys. The trial court issued an order to show cause, scheduling a hearing to ascertain whether appellant was a vexatious litigant.

At the hearing, appellant confirmed he named over 500 attorneys in his complaint because the Department "will only allow him to send a limited number of letters, and this way it would cost him nothing to get his letter to all of the attorneys. He clearly stated he wants to find an attorney to represent him in the federal cases, and the present action was his way of achieving that goal."

In its order declaring appellant a vexatious litigant, the trial court found he had no contact with any of the attorneys he proposed sending the letter to and has no actual cause of action against any of them. In addition, the court noted that appellant's complaint and request to waive court fees appear to be his "way of requiring the state to bear the cost of delivering a form letter to hundreds of attorneys in order to solicit legal representation in another case."

Citing Code of Civil Procedure section 391, subdivision (b), the court stated "naming hundreds of attorneys against whom [appellant] has no cause of action in order to get the sheriff or marshal to serve them with a letter soliciting legal assistance is a frivolous tactic that justifies finding [appellant] a vexatious litigant."[1]  Accordingly, the trial court's order "will serve as a prefiling order prohibiting [appellant] from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigant [*sic*] is proposed to be filed.  [Citation.]  Disobedience of this order may be punished as contempt of court."

Appellant filed a timely notice of appeal.

## DISCUSSION

We review for substantial evidence the trial court's ruling that appellant is a vexatious litigant.  Because the trial court is in the best position to consider evidence and hold hearings on the question of whether a litigant is vexatious, we are required on appeal to presume the order declaring the litigant vexatious is correct and to imply findings necessary to support that finding.  (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.)  However, we can only imply such findings where the evidence exists to support them.  Where insufficient evidence exists to imply support of the finding of a vexatious litigant, reversal is required.  (*Roston v. Edwards* (1982) 127 Cal.App.3d 842, 848-849 (*Roston*).)

Evidence that a litigant is a frequent plaintiff or defendant alone is insufficient to support a vexatious litigant designation.  "[A] person is not a vexatious litigant unless a court has found that he comes within the definitions in section 391, subdivision (b)(1) or (2)."  (*Roston*, *supra*, 127 Cal.App.3d at p. 847.)

Section 391 sets forth four separate definitions of vexatious litigant.  A court must find that the litigant falls under one of the four definitions.  (§ 391, subd. (b).)  Here, the

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise designated.

3

trial court found appellant fell under the definition of vexatious litigant set forth in section 391, subdivision (b)(3) because "while acting in propria persona, [he] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."

"Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts. [Citations.] Therefore, to find that a litigant is vexatious, the trial court must conclude that the litigant[']s actions are unreasonably impacting the objects of appellant's actions and the courts as contemplated by the statute." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 970-971 (*Morton*).)

What constitutes "repeatedly" and "unmeritorious" under section 391, subdivision (b)(3), in any given case, is left to the sound discretion of the trial court. (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1505-1506.) However, this discretion, while broad, is not unfettered. (*Morton*, *supra*, 156 Cal.App.4th at pp. 971-972.)

Here, the evidence does not support the finding that appellant's motions were so numerous, "unmeritorious," or "frivolous" as to come within the meaning of the vexatious litigant legislation. Appellant did not "repeatedly" file motions. Instead, appellant filed *one* claim against the Department, alleging it denied his request for "free and unlimited" envelopes, photocopies, and postage to be sent to hundreds of attorneys. Section 391, subdivision (b)(3) defines a vexatious litigant as one who "[i]n any litigation while acting in propria persona . . . engages in . . . *tactics* that are frivolous . . . ." (Italics

4

added.)  Appellant did not engage in tactics plural; he filed only one complaint, which is insufficient to support a vexatious litigant designation.

## DISPOSITION

The order designating appellant a vexatious litigant is reversed.  The prefiling order requirement is hereby stricken.  The clerk of this court is directed to forward a copy of this opinion to the Judicial Council with instructions that it remove appellant's name from the list of vexatious litigants.  (See § 391.7, subd. (e).)  Costs, if any, shall be borne by respondents.


                                                           _____RAYE_____, P. J.


We concur:


_____ROBIE_____, J.


_____RENNER_____, J.

5