Filed 7/28/16  Hicks v. Kulka CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL HICKS,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>WILLIAM KULKA,<br><br>        Defendant and Respondent. | H038566<br>(Monterey County<br> Super. Ct. No. M119425) |

Appellant Michael Hicks, an incarcerated vexatious litigant, sought to file a medical malpractice complaint against respondent William Kulka, M.D, a physician who treated him in prison.  As a vexatious litigant, appellant was required to seek permission from the presiding judge of the trial court before filing his complaint.  (Code Civ. Proc., § 391.7.)[1]  The trial court denied his request.  Appellant appeals, contending that the court abused its discretion in denying the request.  We dismiss the appeal as taken from a nonappealable order.

### FACTUAL AND PROCEDURAL BACKGROUND

While serving a life sentence in state prison, appellant was declared a vexatious litigant pursuant to California's vexatious litigant statutory scheme.  (§§ 391 et seq.)

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise noted.

Because of that designation and a prefiling order, appellant was required to obtain permission from the presiding judge prior to filing any new litigation. (§ 391.7.)

On May 16, 2012, appellant filed a request to file new litigation by a vexatious litigant in Monterey County Superior Court, requesting to file a summons and complaint for medical malpractice against respondent, a physician who had treated him in prison. The complaint alleged that respondent failed to properly diagnose and treat him. On May 16, 2012, the presiding judge denied his request.

This court granted appellant permission to file an appeal in this court from the May 16, 2012 order. Subsequently, we issued an order to show cause (OSC) as to why the appeal should not be dismissed as taken from a nonappealable order. We then deferred the OSC for consideration with the appeal, in order to allow the respondent to file a brief.

## DISCUSSION

### *The Vexatious Litigant Scheme*

Under the vexatious litigant statutory scheme (§§ 391-391.7), upon the proper proof, self-represented litigants can be deemed vexatious and subjected to a variety of restrictions set out by the statutes, including the requirement to post a bond (§§ 391.1-391.4), or to obtain permission before filing new litigation. (§ 391.7.) Section 391.7, subdivision (a), authorizes a trial or appellate court to enter, "on its own motion or the motion of any party," a prefiling order that prohibits a self-represented vexatious litigant from " 'filing any new litigation in the courts of this state . . . without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed.' (§ 391.7, subd. (a), as amended by Stats. 2011, ch. 49, § 1.)." (*John v. Superior Court* (2016) 63 Cal.4th 91, 98.) "It is settled that section 391.7's prefiling process applies to self-represented plaintiffs who have been declared vexatious litigants. [Citation.]" (*Ibid.*) Pursuant to this section, a litigant can be " 'barred from filing the action or proceeding if success is considered improbable. . . . [¶] Section 391.7's extra

2

burden upon the vexatious litigant arises because a state court has taken a second step in addressing the vexatious litigant problem and has determined that no court or adverse party should be burdened by the particular plaintiff's meritless litigation.' " (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1171, citing *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216.)

Appellant was declared a vexatious litigant in 2010, and has been subject to a section 391.7 prefiling order since that time. He does not dispute the validity of that order here, nor does he dipute that he is subject to the prefiling requirement. Instead, on appeal, he claims that the trial court abused its discretion in denying the request to file new litigation filed pursuant to the prefiling requirement. He argues that the proposed complaint, along with the attachments, show that his claims have merit.

***The Order Denying Permission to File New Litigation is Not Appealable***

We granted appellant's request to file an appeal from the order denying permission to file new litigation, and subsequently issued an OSC regarding the appealability of such an order because there is no published California decision addressing the appealability of orders denying permission to file new litigation by a vexatious litigant.

The right to appeal is wholly statutory, and a judgment or order is not appealable unless expressly made so by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) "There are three categories of appealable judgments or orders: (1) final judgments as determined by case law, (2) orders and interlocutory judgments made expressly appealable by statute, and (3) certain judgments and orders that, although they do not dispose of all the issues in the case are considered 'final' for appeal purposes and are exceptions to the one-final-judgment rule." (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235.) Here, there is no final judgment as no action was ever allowed or filed. Nor is there a statute expressly making an order denying permission to file new litigation by a vexatious litigant appealable. Nothing in the vexatious litigant statutory

3

scheme suggests that such orders are appealable, nor does section 904.1, which defines appellate jurisdiction, list any order in the vexatious litigant scheme as appealable.

Unless we can reasonably analogize the order denying permission to file new litigation to one of the "final" orders made appealable by section 904.1, there is no appellate jurisdiction. Appellant suggests that we should treat the order as an injunction which is appealable under section 904.1, subdivision (a)(6). In fact there is some precedent for treating certain vexatious litigant orders as appealable under this section. Some courts have found an order *declaring* an appellant vexatious to be appealable as an injunction. In *Luckett v. Panos* (2008) 161 Cal.App.4th 77, appellant appealed a trial court's order denying his request to lift a prefiling order. On appeal the court found that an order denying a request to lift a prefiling order was appealable as an order refusing to dissolve an injunction. (*Id.* at 90.)

In some instances, courts have treated the order deeming a litigant vexatious to be appealable under the collateral order doctrine. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 297-298 [an interim order is appealable if: "1. The order is collateral to the subject matter of the litigation, [¶] 2. The order is final as to the collateral matter, and [¶] 3. The order directs . . . the performance of an act by or against appellant."].) Other courts have found orders issued pursuant to the vexatious litigant statutory scheme to not be directly appealable until after entry of judgment. (See, i.e., *Gollin v. Allenby* (2010) 190 Cal.App.4th 616, 635; *Roston v. Edwards* (1982) 127 Cal.App.3d 842, 846.)

Even if there were not a split of authority on the appealability of orders declaring an appellant to be vexatious, the order appealed here is not an order declaring the appellant vexatious. Appellant seeks review of an order denying a vexatious litigant's request to file new litigation, which he was required to file *because* of the vexatious

4

litigant designation and prefiling requirement.[2]  By definition, this is not an order which is collateral to a main action, as there is no action pending.  Nor can this order be considered an injunction.  Even if we chose to construe the vexatious designation and prefiling order as an injunction prohibiting appellant from filing new litigation without approval, each instance where that approval is then denied, is not itself a new injunction.  (See *Luckett v. Panos, supra,* 161 Cal.App.4th at p. 85.)  It is the application by the court of the previously imposed injunction.  Treating each instance where permission to file new litigation is denied as a separately appealable injunction would be contrary to both the vexatious litigant statutory scheme and public policy underlying it.

" 'The purpose of the statutory scheme is to deal with the problem created by the persistence and obsessive litigant who has constantly pending a number of groundless actions.' " (*Holcomb v. U.S. Bank National Association* (2005) 129 Cal.App.4th 1494, 1504 citing to *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867-868.)  "It is to curb misuse of the court system by those acting as self-represented litigants who repeatedly relitigate the same issues.  'Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.'  [Citation.]" (*Gollin v. Allenby, supra* 190 Cal.App.4th at 635.)  With this purpose in mind, as in a variety of other contexts, presiding judges and justices have been invested, by section 391.7, with the responsibility of acting as gatekeepers for groundless claims.  (See for example *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 770, 781; *People v. Superior*

---

   **2**  Having reviewed the caselaw, we are satisfied that there is no published or unpublished decision finding an order denying a request to file new litigation appealable. Respondent too was unable to find any caselaw on point.  We note that some unpublished cases have elected to review such orders on the merits.  However, because they have done so without discussing the jurisdictional issue of appealability, we find them without import.  (See, i.e., *In re Marriage of Shawn Dolansky and James A. Overton* (Fourth Dist.) (Sept. 9, 2009, D053050) [nonpub. opn.].)

5

*Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 751; *People v. Mentch* (2008) 45 Cal.4th 274, 290.) They are granted with broad discretion to decide whether to allow a new case to proceed, balancing the probable merit of the proposed action with the ultimate goal of preventing misuse of the court system. To allow an appeal from an order denying a request to file new litigation is irreconcilable with the purpose of curbing misuse and protecting court time and resources. This purpose would be entirely foiled if each instance, where a court carried out its duty under the statute to prohibit a meritless action from moving forward, could result in yet another new cause, i.e., an appeal.

Although, such orders are not appealable, this does not leave an appellant without a remedy at law. Appellant could seek a writ of mandate on the order. (See *H.D. Arniz, LTD. V. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366.)[3] Additionally, appellant could seek to vacate the prefiling order or retain an attorney to file the action on his behalf. (*Luckett v. Panos*, *supra*, 161 Cal.App.4th at p. 95 fn.14; *In re Shieh* (1993) 17 Cal.App.4th 1154, 1167.) Appellant lost his right to unfettered access to the courts when he was declared a vexatious litigant. Until he can prove that he has changed his ways and have the prefiling order lifted, or he can retain counsel who has ethical responsibilities to file only claims with merit, we will not permit Mr. Hicks to burden court with the congestion, inefficiencies and costs associated with his cases.

### DISPOSITION

The appeal is dismissed as taken from a nonappealable order.

---

[3] As appellant has not asked us to treat his appeal as a writ of mandate, we need not determine whether this remedy is appropriate in this instance. (*H.D. Arniz, LTD. V. County of San Joaquin* , supra. 96 Cal.App.4th at 1367.)

6

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

*Hicks v. Kulka*
**H038566**